IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERIC DARNELL COOK,                               No. CIV S-10-1766-CMK-P

      Plaintiff,

  vs.                                              ORDER

JAFFEE, et al.,

      Defendants.

_____/

        Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1).

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne,

1

1  84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied
2  if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon
3  which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must
4  allege with at least some degree of particularity overt acts by specific defendants which support
5  the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is
6  impossible for the court to conduct the screening required by law when the allegations are vague
7  and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names ten individuals as defendants to this action:  Governor Schwarzenegger, Dr. Chen, Dr. Wei-Hsun, Mr. Mitchel, Dr. Jaffee, Dr. Houston, Dr. Hewette, Dr. Downing, Costa, and Wheeler.  He sets forth the following statement of his claim:

> On about October 13, 2007 Plaintiff arrived at New Folsom State Prison.  Upon his initial medical interview/screening he informed the above psychiatric and doctor(s) that he was recently receiving medical treatment from portals mental health outpatient clinic program #AB2034 in the community.  Neither doctor made any inquiries or make any attempt to do an investigation nor did they request his mental health records.  Which they failed to perform their duties as a licenced professional by denying Mr. Cook adequate medical care.  Due to the deliberate indifference from medical staff at New Folsom State Prison by providing Mr. Cook with inadequate medical care.  Under the American Disability Act in violation of his human and civil rights to due process of law secured to him by the 42 U.S.C. 1983 the 8th, 13th, and 14th amendments to the Untied States Constitution of America.  Furthermore, there are inexperienced psychiatrist(s) as well as psychologist available to prisoners with severe psychiatric needs who therefore receive inadequate treatment in their condition.  By housing mentally disturbed inmates with intensive needs with non-disturbed inmates which could only perpetuate the problem.  Lack of supervision of mentally disturbed prisoners is inadequate and little medical or psychological treatment is no provided for them.  However, mentally disturbed prisoners are often housed indiscriminately with non-disturbed inmates, creating confusion, anger and a potential for violence as in this case.  Plaintiff is now suffering from mental deterioration from going 4 yrs without adequate medical care.  Which has created emotional distress, and impaired his physical inability to care for himself due to the medical staff negligence.

## II.  DISCUSSION

Plaintiff's complaint suffers from a number of defects.  First, Plaintiff fails to identify who is responsible for his alleged mistreatment.  Second, he appears to name supervisory personnel as defendants without alleging any actual involvement in his claim.  Finally, his claim is insufficient to state a claim for deliberate indifference to a serious medical need.

### A.  Medical Needs

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The Eighth Amendment "embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency."  Estelle v. Gamble, 429 U.S. 97, 102 (1976).  Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety."  Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986).  A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind."  See id.

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837.  This applies to physical as well as dental and mental health needs.  See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982).  An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain."  McGuckin v. Smith, 974 F.2d

1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain. See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns. See McGuckin, 974 F.2d at 1060. Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs. See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989). The complete denial of medical attention may constitute deliberate indifference. See Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986). Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference. See Lopez, 203 F.3d at 1131. Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury. See McGuckin, 974 F.2d at 1060.

Negligence in diagnosing or treating a medical condition does not, however, give rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 106. Moreover, a difference of opinion between the prisoner and medical providers concerning the appropriate course of treatment does not give rise to an Eighth Amendment claim. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

Here, Plaintiff makes conclusory allegations that he has been denied proper psychiatric treatment, but he fails to provide any specifics as to what treatment he should have that he was refused. At most, Plaintiff complains that the doctors failed to obtain his prior medical records. Such conclusory allegations are insufficient. In order to state a claim, Plaintiff must be able to set forth specifically what treatment he should have received, for what condition, and the circumstances surrounding the denial therefor. Failure to obtain medical records is

insufficient to show he was denied treatment.

### B.     Failure to Link

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Here, Plaintiff offers no explanation as to which of the defendants are responsible for his alleged constitutional deprivation.  He names ten defendants, most of whom appear to be medical providers, but he does not specify what role each of the defendants had in depriving him of his constitutional right to adequate medical/mental health care.  In order to state a claim, Plaintiff has to be specific in his allegations, setting forth specific facts as to who did what, or failed to do what, and when.

### C.     Supervisor Liability

Supervisory personnel are generally not liable under § 1983 for the actions of their employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983).  A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations.  See id.  The Supreme Court has rejected the notion that a supervisory defendant can be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct because government

officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others.  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution."  Iqbal, 129 S. Ct. at 1948.

Here, Plaintiff names as defendants both the Governor of the State of California, and the Director of Mental Health at California State Prison, Sacramento.  There is no indication that these individuals were directly involved in his treatment.  Supervisors are only liable for their direct actions, not those of their subordinates.  If Plaintiff wishes to continue this action against the supervisors, he must be able to link their direct acts to his alleged deprivations, not just a review of an inmate grievance or other supervisory duties.

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete.  See Local Rule 15-220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

1   If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
2   conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See
3   <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how
4   each named defendant is involved, and must set forth some affirmative link or connection
5   between each defendant's actions and the claimed deprivation.  See <u>May v. Enomoto</u>, 633 F.2d
6   164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

7   Finally, plaintiff is warned that failure to file an amended complaint within the
8   time provided in this order may be grounds for dismissal of this action.  See <u>Ferdik</u>, 963 F.2d at
9   1260-61; <u>see also</u> Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply
10  with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b).
11  See <u>Nevijel v. North Coast Life Ins. Co.</u>, 651 F.2d 671, 673 (9th Cir. 1981).

12  Accordingly, IT IS HEREBY ORDERED that:

13  1.   Plaintiff's complaint is dismissed with leave to amend; and

14  2.   Plaintiff shall file an amended complaint within 30 days of the date of
15  service of this order.

DATED:  October 29, 2010

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

7