IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC DARNELL COOK, | No. CIV S-10-1766-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| JAFFEE, et al., | |
| Defendants. | |
| _____/ | |

    Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's amended complaint (Doc. 13).  Also pending before the court is plaintiff's motion for the appointment of counsel (Doc. 15).

    The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

1

This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

Plaintiff's original complaint was dismissed for failure to state a claim, and failure to allege facts sufficient to link the named defendants with the alleged constitutional deprivations. Plaintiff was informed as to what is necessary in order to state a claim for deliberate indifference to a serious medical need, and was provided an opportunity to file an amended complaint to cure the defects identified.

## I. PLAINTIFF'S ALLEGATIONS

In his amended complaint, plaintiff identifies only three[1] defendants: Dr. Houston, Dr. Hewette, and Dr. Downing. He sets forth the following statement of his claim:

> On about October 13, 2007 plaintiff arrived at New Folsom State Prison. Upon his initial medical interview/screening he informed the above psychiatric & doctors(s) Dr. Houston, Dr. Hewette, Dr. Downing that he was recently receiving medical treatment from Portals Mental Health outpatient clinic program #AB2034 in the community. Neither doctor made any inquiries or make any attempt to do an investigation nor did they request his mental health records, as a result of them failing to perform their basic duties as a licensed professional, plaintiff was subsequently mishoused with non disturbed inmates in general population to where he was physical raped repeatedly by other inmates which created anger confusion & a potential for violence as in this case.) Plaintiff is now suffering from mental deterioration from being raped & going 4 yrs without adequate medical care from being

---

[1] Plaintiff's original complaint named several other defendants. As these other defendants are not included in the amended complaint, the Clerk of the Court will be directed to terminate them from the docket.

improperly housed.

The allegations set forth in plaintiff's amended complaint are essentially the same as those set forth in the original complaint. While plaintiff may have cured some of the defects previously outlined, such as identifying which defendants were responsible for what, and eliminating the supervisory defendants from the complaint, his amended complaint still suffers from other defects.

## II.  DISCUSSION

As plaintiff was previously informed, the treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment "embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837. This applies to physical as well as dental and mental

health needs. See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982). An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain. See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns. See McGuckin, 974 F.2d at 1060. Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs. See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989). The complete denial of medical attention may constitute deliberate indifference. See Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986). Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference. See Lopez, 203 F.3d at 1131. Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury. See McGuckin, 974 F.2d at 1060.

Negligence in diagnosing or treating a medical condition does not, however, give rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 106. Moreover, a difference of opinion between the prisoner and medical providers concerning the appropriate course of treatment does not give rise to an Eighth Amendment claim. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

Plaintiff continues to allege the defendants violated his constitutional rights by failing to obtain and utilize his prior mental health records during his initial medical screening. He claims the three doctors were told about the prior treatment, but they failed to investigate and

obtain the records, resulting in an improper housing assignment.  He does not allege that the doctors took part in any decision assigning him to a housing unit, nor does he claim that the doctors are responsible for any harm that occurred.  His only allegation is that the doctors chose not to obtain his prior medical records.  However, as plaintiff was previously informed, failing to obtain past medical records as the only basis for his claim is insufficient.  There is nothing in the amended complaint which would rise to the level of a constitutional deprivation of medical treatment.  Plaintiff states that he was interviewed by the doctors, presumably resulting in an evaluation of plaintiff by the doctors after an examination.  It is apparent that this examination took place in person, and was based on the medical providers' interview and examination of plaintiff.  Even if the doctors could have rendered a more complete evaluation if they had obtained the medical records, failing to do so rises to no more than negligence or medical malpractice.  There is nothing in the complaint to indicate that the doctors deliberately misdiagnosed plaintiff in order to set him up for improper housing and the type of harm he suffered.  While it is unfortunate that any harm has come to plaintiff, there is no showing that the harm was the result of a deliberate act by the defendants.

Plaintiff was previously informed that his allegation relating to the failure of the defendants to obtain his past medical records were insufficient to state a claim.  It appears that plaintiff is either unable or unwilling to cure the defects in his complaint, and further leave to amend is therefore not warranted.

As for plaintiff's request for the appointment of counsel, the United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the court does not at this time find the required exceptional circumstances.

### III.  CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled further leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Accordingly, IT IS HEREBY ORDERED that:

    1.    Plaintiff's amended complaint is dismissed, without further leave to amend, for failure to state a claim;

    2.    Plaintiff's request for the appointment of counsel (Doc. 15) is denied;

    3.    The Clerk of the Court is directed to enter judgment and close this case.

DATED:  April 29, 2011

                                                                                    _____
                                                                                    **CRAIG M. KELLISON**
                                                                                      UNITED STATES MAGISTRATE JUDGE